** SECTION 362 INFORMATION SHEET **

Teresa Murphy
DEBTORNV362#

Chapter 7
Case No.: 09-21928-mkn

Wells Fargo Bank, N.A.
MOVANT
PROPERTY INVOLVED IN THIS MOTION: 2200 S Fort Apache #2238 , Las Vegas NV 89117

NOTICE SERVED ON: Debtor(s) _____x_____; Debtor (s) Counsel _____x_____; Trustee _____x_____

DATE OF SERVICE: _____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st Wells Fargo Bank, N.A. (PB$144,452.18) | 1st _____ |
| Total Encumbrances: $144,452.18 | 2nd _____ |
| APPRAISAL or OPINION as to VALUE: "Per attached Schedule "A" $65,000.00 | Total Encumbrances: $_____ APPRAISAL or OPINION as to VALUE: |

| TERMS OF MOVANT'S CONTRACT WITH THE DEBTOR | OFFER OF "ADEQUATE PROTECTION" FOR MOVANT: |
|---|---|
| Amount of Note: $151,120.00 Interest Rate: 6.375 Duration: 30 Year Payment Per Month: $ 1,072.23 Date of Default: August 1, 2009 Amount of Arrearages: $8,560.64 Date of Notice of Default: November 12, 2009 SPECIAL CIRCUMSTANCES: **I, Gregory L. Wilde, hereby certify that an attempt has been made to confer with debtor(s) counsel, or with debtor(s) and that more than two (2) business days have expired, and that after sincere effort to do so, counsel has been unable to resolve this matter without court action.** SUBMITTED BY: _____ SIGNATURE: _____ | SPECIAL CIRCUMSTANCES: SUBMITTED BY: _____ SIGNATURE: _____ |

WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787

MARK S. BOSCO, ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000

Wells Fargo Bank, N.A.
09-78035

Electronically Filed on _____

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In Re: | BK-S-09-21928-mkn |
|---|---|
| Teresa Murphy | Date: 2/10/2010<br>Time: 1:30 pm |
| Debtor. | Chapter 7 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Wells Fargo Bank, N.A., Secured Creditor herein, ("Secured Creditor" or "Movant"

hereinafter), alleges as follows:

1.      That on or about July 7, 2009, the above named Debtor filed this instant Chapter 7

Petition in Bankruptcy with the Court.

2.      Secured Creditor is the current payee of a promissory note dated December 23, 2005 in

the principal sum of $151,120.00 ("Promissory Note" herein), secured by a Real Property Trust Deed

of same date ("Trust Deed" herein) upon property generally described as 2200 S Fort Apache #2238,

Las Vegas, NV 89117, and legally described as follows:

PARCEL ONE (1) - UNIT:

LIVING UNIT 2238 IN BUILDING 28 AS SHOWN ON THE FINAL MAP OF CANYHON LAKE A CONDOMINIUM SUBDIVISION ON FILE IN BOOK 128 OF PLATS. PAGE 30. IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA (HEREINAFTER THE "PLAT")

POARCEL TWO (2) - COMMON ELEMENTS:

1/504TH INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS SHOWN ON THE PLAT. IN ACCORDANCE WITH AND SUBJECT TOTHE TERMS OF THE DECLARATION OF COVENANTS. CONDITIONS AND RESTRICTIONS FOR THE RESIDENCE AT CANYON GATE HOMEOWNERS ASSOCIATION. INC., RECORDED DECEMBER 1. 2005, IN BOOK 20051201 AS DOCUMENT NO. 04300 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA (HEREAFTER THE "DECLARATION").

EXCEPTING THEREFROM, ALL UNITS SHOWN ON THE PLAT.

RESERVING THEREFROM, THE RIGHT TOUSE ANY OF THOSE AREAS DESIGNATED AS LIMITED COMMON ELEMENTS IN THE PLAT AND/OR THE DECLARATION.

FURTHER RESERVING THEREFROM, FOR THE BENEFIT OF THE OWNERS OF ALL UNITS SHOWN ON THE PLAT (EXCEPT THE UNIT REFERRED TO IN PARCEL ONE(1) ABOVE), NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS. EGRESS. USE. ENJOYMENT AND OTHER PURPOSES ON.OVER AND ACROSS THE COMMON ELEMENTS, AS DEFINED IN. AND SUBJECT TO THE DECLARATION.

PARCEL THREE (3) - LIMITED COMMON ELEMENTS:

THE EXCLUSIVE RIGHT TO USE. POSSESS AND OCCUPY THE AREAS DESIGNATED AS LIMITED COMMON ELEMENTS. ALLOCATED TO PARCELS ONE(1) AND TWO (2) IN THE DECLARATION.

PARCEL FOUR (4) - APPURTENANT EASEMENTS:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS. EGRESS. USE ENJOYMENT AND OTHER PURPOSES ON, OVER AND ACROSS THE COMMON ELEMENTS AS DEFINED IN AND SUBJECT TO THE DECLARATION. WHICH EASEMENTS ARE APPURTENANT TO PARCELS ONE (1), TWO (2) AND THREE (3) ABOVE.

("subject property" herein).

Secured Creditor is informed and believes, and, based upon such information and belief, alleges that title to the subject property is currently vested in the name of Debtor.

3.    With respect to secured Creditor's trust deed the following is due and owing:

| | |
|---|---|
| Unpaid Principal Balance | $144,452.18 |
| 3 Monthly Payments at $1,099.75 (August 1, 2009 - October 1, 2009) | $3,299.25 |
| 5 Late Charge at $47.14 (August 1, 2009 - December 1, 2009) | $235.70 |
| 3 Monthly Payments at $1,072.23 (November 1, 2009 - January 1, 2010) | $3,216.69 |
| Foreclosure Fees and Costs | $909.00 |
| Motion for Relief Filing Fee | $150.00 |
| Attorneys Fees | $750.00 |
| Total | $8,560.64 |

Furthermore, a payment becomes due on February 1, 2010 and on the first (1st) day of every month thereafter, and a late charge becomes due on any payment not paid within fifteen (15) days from the date the monthly payment is due.

4.    Movant is informed and believes and therefore alleges that the Debtor and bankruptcy estate have insufficient equity in the property. The fair market value of the property pursuant to Debtor's Schedule "A" is $65,000.00, less ten percent (10%) cost of marketing, less the first and second secured liens resulting in insufficient equity. Therefore, secured creditor is not adequately protected. A true and correct copy of the Debtor's Schedule "A" is attached hereto as Exhibit "A".

5.    Secured Creditor has elected to initiate foreclosure proceedings on the Property with respect to the subject Trust Deed; however Secured Creditor is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this Bankruptcy.

6.    Secured Creditor has incurred to date attorney's fees of approximately $750.00.

1   7.   Secured Creditor urges that this Court issue and Order herein permitting this Secured

2   Creditor to proceed to a Foreclosure Sale of the Property, including necessary action to obtain

3   possession of the Property.

4   8.   Secured Creditor's Information Sheet as to the extent of liens and encumbrances against

5   the subject property is attached and incorporated herein by reference. Secured Creditor will seek leave

6   of Court to specify any further encumbrances against the subject property at the time of hearing.

7   9.   Timothy S. Cory has been appointed by this Court the Chapter 7 Trustee in this instant

8   Bankruptcy proceeding. By virtue of the position as Trustee of the estate of Debtor herein, Debtor

9   holds title to the subject property in that capacity. To the extent the relief sought herein is granted.

10   Respondent, Timothy S. Cory, Trustee, is bound any such judgment.

11   10.   This Court has jurisdiction of this action pursuant to the provisions of 11 U.S.C. Section

12   362(d).

13   WHEREFORE, Secured Creditor prays judgment as follows:

14   (1)   For an order granting relief from the Automatic Stay, and permitting this Secured

15   Creditor to move ahead with foreclosure proceedings under this Secured Creditor's Trust Deed and to

16   sell the subject property at a Foreclosure Sale under the items of said Trust Deed, including necessary

17   action to obtain possession of the Property.

18   (2)   That a finding that Rule 4001(a)(3) of the Rules of the Federal Bankruptcy Procedure is not

19   applicable and Secured Creditor may immediately enforce and implement the order granting relief from

20   the automatic stay.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

1    (3)    In the alternative, an Order requiring the Debtor to reinstate and maintain all obligations

2  due under all of the trust deeds encumbering the subject property and further allowing Secured Creditor

3  with the remedies to proceed with foreclosure should the Debtor not maintain payments.

4    (4)    For attorneys' fees and costs of suit incurred herein.

5    (5)    For such other and further relief as this Court deems appropriate.

6    DATED this 5th day of January, 2010.

7                                                    WILDE & ASSOCIATES

8                                            By:    /s/Gregory L. Wilde, Esq
                                                    GREGORY L. WILDE, ESQ.
9                                                   Attorney for Secured Creditor
                                                    212 South Jones Boulevard
10                                                  Las Vegas, Nevada 89107

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

WHEN RECORDED MAIL TO:

**TIFFANY & BOSCO, P.A.**
**Michael A. Bosco, Jr.**
2525 East Camelback Road, Suite 300
Phoenix, AZ 85016

## ASSIGNMENT OF DEED OF TRUST

Loan No. 936-0634415616                                                    T & B No.: 09-78035
Parcel No. 163-05-410-001

For Value Received, the undersigned corporation hereby grants, assigns and transfers to **Wells Fargo Bank, N.A.** at the address of P.O. Box 11701 , Newark NJ 07101-4701 all beneficial interest under that certain Deed of Trust dated **December 23, 2005** executed by **Kerry A. Gilbert an unmarried woman** Trustor, **Nevada Title Compay** Trustee, **Mortgage Electronic Registration Systems Red Rock Community Bank,** as Beneficiary; and recorded on **12/30/05** as Recording No./Book-Page **20051230-0005338** of Official Records of **Clark** County, NV and legally describing the trust property as:

PARCEL ONE (1) - UNIT:

LIVING UNIT 2238 IN BUILDING 28 AS SHOWN ON THE FINAL MAP OF CANYHON LAKE A CONDOMINIUM SUBDIVISION ON FILE IN BOOK 128 OF PLATS, PAGE 30, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA (HEREINAFTER THE "PLAT")

POARCEL TWO (2) - COMMON ELEMENTS:

1/504TH INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS SHOWN ON THE PLAT, IN ACCORDANCE WITH AND SUBJECT TOTHE TERMS OF THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR THE RESIDENCE AT CANYON GATE HOMEOWNERS ASSOCIATION, INC., RECORDED DECEMBER 1, 2005, IN BOOK 20051201 AS DOCUMENT NO. 04300 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA (HEREAFTER THE "DECLARATION").

EXCEPTING THEREFROM, ALL UNITS SHOWN ON THE PLAT.

RESERVING THEREFROM, THE RIGHT TOUSE ANY OF THOSE AREAS DESIGNATED AS LIMITED COMMON ELEMENTS IN THE PLAT AND/OR THE DECLARATION.

FURTHER RESERVING THEREFROM, FOR THE BENEFIT OF THE OWNERS OF ALL UNITS SHOWN ON THE PLAT (EXCEPT THE UNIT REFERRED TO IN PARCEL ONE(1) ABOVE), NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT AND OTHER PURPOSES ON,OVER AND ACROSS THE COMMON ELEMENTS, AS DEFINED IN, AND SUBJECT TO THE DECLARATION.

PARCEL THREE (3) - LIMITED COMMON ELEMENTS:

THE EXCLUSIVE RIGHT TO USE, POSSESS AND OCCUPY THE AREAS DESIGNATED AS LIMITED COMMON ELEMENTS, ALLOCATED TO PARCELS ONE(1) AND TWO (2) IN THE DECLARATION.

PARCEL FOUR (4) - APPURTENANT EASEMENTS:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE ENJOYMENT AND OTHER
PURPOSES ON, OVER AND ACROSS THE COMMON ELEMENTS AS DEFINED IN AND SUBJECT TO
THE DECLARATION, WHICH EASEMENTS ARE APPURTENANT TO PARCELS ONE (1), TWO (2)
AND THREE (3) ABOVE.

Together with the Note or Notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Deed of Trust. Hereby made effective on:

Date : December 28, 2009

**Mortgage Electronic Registration Systems Red Rock Community Bank**

By : _____
Its:    John Kennerty, Assistant Secretary

STATE OF  SOUTH CAROLINA    )
                                                          )ss.
COUNTY OF  YORK   )

On this 28th day of  December, 2009, before me, the undersigned, a Notary Public for said State, personally
appeared  John Kennerty  known to me to be the  Assistant Secretary of the above corporation, and acknowledge
execution of the above instrument on behalf of the corporation.

My Commission Expires: _____          Geraldine Johnson
                                                                                        _____
OFFICIAL SEAL                                                     Notary Public
Notary Public
State of South Carolina
GERALDINE JOHNSON
My Commission Expires Jan. 15, 2013



C16

20051230-0005338

Fee: $29.00
N/C Fee: $25.00

12/30/2005          14:12:56
T20050235644
Requestor:
NEVADA TITLE COMPANY

Frances Deane                    MSH
Clark County Recorder        Pgs: 16

**RECORDER'S MEMO**
POSSIBLE POOR RECORD DUE TO
QUALITY OF ORIGINAL DOCUMENT

163-05-410-001

Assessor's Parcel Number: 163-05-315-045

~~RECORDING REQUESTED BY~~ AND
WHEN RECORDED, MAIL TO:
AMERA MORTGAGE CORPORATION
30201 ORCHARD LAKE ROAD, STE 250
FARMINGTON HILLS, MICHIGAN 48334

This Instrument was prepared by:
AMERA MORTGAGE CORPORATION
30201 ORCHARD LAKE ROAD, STE 250
FARMINGTON HILLS, MICHIGAN 48334
800-968-1624

Mail Tax Statements To:
AMERA MORTGAGE CORPORATION
30201 ORCHARD LAKE ROAD, STE 250
FARMINGTON HILLS, MICHIGAN 48334
800-968-1624

68

Loan Number: 56945
Order Number: 05-09-1663-AS    (Space Above This Line For Recording Data)

# DEED OF TRUST

MIN: **100111800000569456**

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated **December 23, 2005**, together with all Riders to this document.

**(B) "Borrower"** is KERRY A. GILBERT AN UNMARRIED WOMAN. Borrower is the trustor under this Security Instrument.

**(C) "Lender"** is RED ROCK COMMUNITY BANK. Lender is ,A NEVADA CORPORATION, organized and existing under the laws of NEVADA.
Lender's address is 10000 WEST CHARLESTON, STE 100, LAS VEGAS, NEVADA 89135.

**(D) "Trustee"** is NEVADA TITLE COMPANY
Trustee's address is 2500 NORTH BUFFALO, SUITE #150, LAS VEGAS, NEVADA 89128.

---

**NEVADA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERSForm 3029 1/01**
Page 1 of 12
IDS, Inc. - (800) 554-1872                    Borrower(s) Initials _KAG_ _____

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of **Delaware**, and has an address and telephone number of **P.O. Box 2026, Flint, MI 48501-2026,** tel. **(888) 679-MERS.**

(F) "Note" means the promissory note signed by Borrower and dated **December 23, 2005.** The Note states that Borrower owes Lender ONE HUNDRED FIFTY-ONE THOUSAND ONE HUNDRED TWENTY and no/100 Dollars (U.S. $151,120.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **January 1, 2036.**

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower (check box as applicable):

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☒ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ VA Rider |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | |
| ☐ Other (Specify) - | | |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 *et seq.*) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of **CLARK:**

---

NEVADA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS Form 3029 1/01

Page 2 of 12

IDS, Inc. - (800) 554-1872                                    Borrower(s) Initials _____ _____

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

which currently has the address of    2200 S. FORT APACHE #2238
                                      LAS VEGAS, NEVADA 89117                    ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

---

**NEVADA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS Form 3029  1/01**
Page 3 of 12

IDS, Inc. - (800) 554-1872                    Borrower(s) Initials  KAG  _____

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Substitute Trustee.** Lender at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

**25. Assumption Fee.** If there is an assumption of this loan, Lender may charge an assumption fee of U.S. $ __N/A__.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
                                        KERRY A GILBERT            -Borrower

_____        _____ (Seal)
                                                                   -Borrower


STATE OF NEVADA,                        County ss: Clark

The foregoing instrument was acknowledged before me this  27  day of December 2005  by
KERRY A. GILBERT.
Witness my hand and official seal.
My Commission Expires: 9/1/09

(Seal)

EDWARD ACEVES
Notary Public State of Nevada
No. 05-100132-1
appt. exp. Sept. 1, 2009

                                        _____
                                        Notary Public

EDWARD ACEVES
Notary Public State of Nevada
No. 05-100132-1
My appt. exp. Sept. 1, 2009

**EXHIBIT "A"**

**PARCEL ONE (1) – UNIT:**

LIVING UNIT: 2238 IN BUILDING 28 AS SHOWN ON THE FINAL MAP OF:
CANYON LAKE A CONDOMINIUM SUBDIVISION ON FILE IN BOOK 128 OF
PLATS, PAGE 30, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK
COUNTY, NEVADA (HEREINAFTER THE "PLAT").

**PARCEL TWO (2) – COMMON ELEMENTS:**

1/504[TH] INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS
SHOWN ON THE PLAT, IN ACCORDANCE WITH AND SUBJECT TO THE
TERMS OF THE DECLARATION OF COVENANTS, CONDITIONS AND
RESTRICTIONS FOR THE RESIDENCE AT CANYON GATE HOMEOWNERS
ASSOCIATION, INC., RECORDED DECEMBER 1, 2005, IN BOOK 20051201 AS
DOCUMENT NO. 04300 IN THE OFFICE OF THE COUNTY RECORDER OF
CLARK COUNTY, NEVADA (HEREINAFTER THE "DECLARATION").

EXCEPTING THEREFROM, ALL UNITS SHOWN ON THE PLAT.

RESERVING THEREFROM, THE RIGHT TO USE ANY OF THOSE AREAS
DESIGNATED AS LIMITED COMMON ELEMENTS IN THE PLAT AND/OR THE
DECLARATION.

FURTHER RESERVING THEREFROM, FOR THE BENEFIT OF THE OWNERS
OF ALL UNITS SHOWN ON THE PLAT (EXCEPT THE UNIT REFERRED TO IN
PARCEL ONE (1) ABOVE), NON-EXCLUSIVE EASEMENTS FOR ACCESS,
INGRESS, EGRESS, USE, ENJOYMENT AND OTHER PURPOSES ON, OVER
AND ACROSS THE COMMON ELEMENTS, AS DEFINED IN, AND SUBJECT TO
THE DECLARATION.

**PARCEL THREE (3) – LIMITED COMMON ELEMENTS:**

THE EXCLUSIVE RIGHT, TO USE, POSSESS AND OCCUPY THE AREAS
DESIGNATED AS LIMITED COMMON ELEMENTS, ALLOCATED TO PARCELS
ONE (1) AND TWO (2) IN THE DECLARATION.

**PARCEL FOUR (4) – APPURTENANT EASEMENTS:**

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE,
ENJOYMENT AND OTHER PURPOSES ON, OVER AND ACROSS THE
COMMON ELEMENTS AS DEFINED IN AND SUBJECT TO THE
DECLARATION, WHICH EASEMENTS ARE APPURTENANT TO PARCELS ONE
(1), TWO (2) AND THREE (3) ABOVE.

| TITLE SPECIALIST REVIEW REQUIREMENTS | | | | | rev 01/26/06 |
|---|---|---|---|---|---|

| US CONSUMER | | X | WHOLE LOAN SALES | ID#: 759907 | |
|---|---|---|---|---|---|
| BRANCH # | | 7491 | BRANCH CONTACT NAME | | |
| ANALYST | | SPRING JOHNSON | FLOOR | | |

| Required Mortgagors/Trustors | DANIEL AVENDANO AND VERLENE AVENDANO, HUSBAND AND WIFE, AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP | | | |
|---|---|---|---|---|
| Sign Mortgage/Deed of Trust as | DANIEL AVENDANO AND VERLENE AVENDANO | | | |
| | | | Type of Borrower Per MTG/DOT Vesting | |
| 1st Party | | DANIEL AVENDANO ✓ | Vested Borrower | |
| 2nd Party | | VERLENE AVENDANO ✓ | Vested Borrower | |
| 3rd Party | | | | |
| 4th Party | | | | |
| Correct Property Address | | 519 WEST HILL STREET ✓ | Mailing address IF differs from collateral address | |
| | | SUPERIOR, AZ 85273 ✓ | Address | |
| Property County | | PINAL | Mailing County | |
| Taxes Paid | Due/Payable | | | |

| Judgments/Liens | Yes | | |
|---|---|---|---|
| | No | X | |

| Title work effective date less than 45 days | Enter effective date: | Title work expiration date: |
|---|---|---|
| | 02/22/06 | 04/08/06 |

| Other requirements | Anyone signing the Note and/or Mortgage must be provided with and sign the required RESPA, Section 32, and State Specific Disclosures |
|---|---|

| DATE | | REVIEW COMMENTS | | FOLLOW-UP DATE |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| Title Company | FIRST AMERICAN TITLE | COMMITMENT (INS) | X | REPORT | |
|---|---|---|---|---|---|
| Title Review Completed by | KEN SHEELER | Date and Time | | 2/23/06 11:30 AM | |

Cancellation Info

| Last Name | Withdrawn/TD Date | Core | US Consumer |
|---|---|---|---|
| | | | |

| REMINDERS | | |
|---|---|---|
| DESCRIPTION | | DONE |
| Completed Timetrax with one of the following | | |
| TITLE COMPLETED | | YES |
| PENDING TITLE ISSUES | | |
| NEW PENDING TITLE ISSUES | | |
| CORRESPONDENCE TO STORE (IF APPLICABLE) | | |
| SENT E-MAIL TO STORE | | |
| SAVED WORKSHEET TO SHARE DRIVE | | |



FEB-23-2006 THU 08:38 AM wells fargo financial    FAX NO. 4803541416    P. 01

KS
2

## CLAO West Fax Coversheet

# ***Title Only***



**These fax lines are reserved for applications that have been <u>CASHFLOWED</u> and are in pending status. Additional information pertinent to the *pending* application must be faxed directly to Stage 4A. <u>Anything other than title work will be shredded. Once title review has been completed, please forward ALL additional docs to your analyst.</u>**

| US CONSUMER | WHOLE LOAN SALES |
|---|---|
| FAX #:1-866-873-0416 | FAX #: 1-877-560-5463 |

Applicant: *Verlene Avendano* SSN: *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*

Co-Applicant: *Daniel Avendano* SSN: *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*

CLAO APP ID: *759907*   4a Analyst: *Spring Johnson* ✓

Branch # *7491*        State: *AZ*

Divisional Mgr. Name: *Powell* District Mgr. Name: *Tippit*

☒ New Title File          ☐ Pending Title File: _____
                                        Title Review Rep @ CLAO

---

The following checklist must be completed or the file will be shredded:

☒ Total # of pages faxed (including coversheet): (16)

☒ Time Trax Stip sheet (required – <u>must</u> be attached)

☒ Supreme Application F2 Print Screen included (required - <u>must</u> be attached)

☐ Title Company Invoice included (required- <u>must</u> be attached)

☒ Primary Residence      or   ☐ Rental   or   ☐ Stacked Collateral

☐ Title within 45 days      ☐ County is behind: *Dec. 12, 05*
                                              County's Most Current Date

Additional Comments:
                                              *2/23/06*

Rev 11/09/05

CLAO USE ONLY: COMPLIANT VENDOR    INITIALS *CC*

RECEIVED 2006/02/23 07:42::

FEB-23-2006 THU 08:38 AM wells fargo financial        FAX NO. 4803541416                    P. 05

**FIRST AMERICAN TITLE INSURANCE COMPANY**
**LENDERS ADVANTAGE**
4801 East Washington Street, Suite 130
Phoenix, Arizona 85034
(602) 685-7200  Fax (877) 816-6108
(800) 546-4667 Ext. 7200

Date: February 22, 2006

Lenders Advantage Title
ATTN: Customer Service
Suite 130
Phoenix AZ 85034

IN REPLY PLEASE REFER TO:
OUR NO.: 3486727 /
REFERENCE NO.: /Avendano

In connection with the above numbered order, we are enclosing the following:

Commitment for Title Insurance (1 Copy(s))
Recording Instructions

**PLEASE NOTE!!**
Current rates for commonly requested endorsements in all counties except Pima are $50.00 each when issued with the policy.
They are $75.00 if issued after the policy. For other endorsements, please call for current pricing.

ALTA No. 4 - Condominium
ALTA No. 5 - Planned Unit Development
ALTA No. 6, 6.1, and 6.2 – Variable Rate Mortgage
ATLA No. 8.1 – Environmental Lien
Revolving Loan Endorsement

The Premium shown below is based upon the Coverage Amount provided at the time this order was opened and is subject to
change based upon changes in the Loan Amount and/or Special Endorsement requests.

Coverage amount of $100,000.00 will have a premium due of $387.00

Recording Fees are as follows:
Pinal County - $14.00 per document for the first 5 pages and $1.00 for each additional page thereafter.

**PLEASE NOTE: NO ESCROW SERVICES HAVE BEEN REQUESTED. SEE LAST NUMBERED**
**ITEM OF THE COMMITMENT FOR FURTHER INFORMATION.**

**PROPERTY ADDRESS PURPORTED TO BE:**

519 West Hill Street, Superior, AZ 85273

We thank you for this opportunity to serve you.

**FIRST AMERICAN TITLE INSURANCE COMPANY**
Emma L. Green - Ph: (602) 685-7393 - Fx: (602) 685-7495

flc/mcg

FEB-23-2006 THU 08:38 AM wells fargo financial    FAX NO. 4803541416    P. 06

**FIRST AMERICAN TITLE INSURANCE COMPANY**
**LENDERS ADVANTAGE**
4801 East Washington Street, Suite 150
Phoenix, Arizona 85034
(602) 685-7200  Fax (877) 816-6108
(800) 546-4667 Ext. 7200

Date: February 22, 2006

TEAM 1 - Lenders Advantage Title
ATTN: Emma L. Green
Suite 130
Phoenix AZ 85034

IN REPLY PLEASE REFER TO:
OUR NO.: 3486727 /
REFERENCE NO.: /Avendano

In connection with the above numbered order, we are enclosing the following:

Commitment for Title Insurance (1 Copy(s))
Recording Instructions

**PLEASE NOTE!!**

Current rates for commonly requested endorsements in all counties except Pima are $50.00 each when issued with the policy.
They are $75.00 if issued after the policy. For other endorsements, please call for current pricing.

ALTA No. 4 - Condominium
ALTA No. 5 – Planned Unit Development
ALTA No. 6, 6.1, and 6.2 – Variable Rate Mortgage
ATLA No. 8.1 – Environmental Lien
Revolving Loan Endorsement

The Premium shown below is based upon the Coverage Amount provided at the time this order was opened and is subject to change based upon changes in the Loan Amount and/or Special Endorsement requests.

Coverage amount of $100,000.00 will have a premium due of $387.00

Recording Fees are as follows:
Pinal County - $14.00 per document for the first 5 pages and $1.00 for each additional page thereafter.

**PLEASE NOTE: NO ESCROW SERVICES HAVE BEEN REQUESTED, SEE LAST NUMBERED ITEM OF THE COMMITMENT FOR FURTHER INFORMATION.**

**PROPERTY ADDRESS PURPORTED TO BE:**

519 West Hill Street, Superior, AZ 85273

We thank you for this opportunity to serve you.

*FIRST AMERICAN TITLE INSURANCE COMPANY*
Emma L. Green - Ph: (602) 685-7393 - Fx: (602) 685-7495

flc/mcg

RECEIVED 2006/02/23 07:42::

**FIRST AMERICAN TITLE INSURANCE COMPANY**
**LENDERS ADVANTAGE**
4801 East Washington Street, Suite 150
Phoenix, Arizona 85034
(602) 685-7200  Fax (877) 816-6108
(800) 546-4667 Ext. 7200

Date: February 22, 2006

WELLS FARGO FINANCIAL
ATTN: CANDICE CHAVEZ
2853 S. SOSSAMAN RD. #A101
MESA, AZ 85212

IN REPLY PLEASE REFER TO:
OUR NO.: 3486727 /
REFERENCE NO.: /Avendano

In connection with the above numbered order, we are enclosing the following:

Commitment for Title Insurance (1 Copy(s))
Recording Instructions
**PLEASE NOTE!!**
Current rates for commonly requested endorsements in all counties except Pima are $50.00 each when issued with the policy.
They are $75.00 if issued after the policy. For other endorsements, please call for current pricing.

ALTA No. 4 - Condominium
ALTA No. 5 – Planned Unit Development
ALTA No. 6, 6.1, and 6.2 – Variable Rate Mortgage
ATLA No. 8.1 – Environmental Lien
Revolving Loan Endorsement

The Premium shown below is based upon the Coverage Amount provided at the time this order was opened and is subject to change based upon changes in the Loan Amount and/or Special Endorsement requests.

Coverage amount of $100,000.00 will have a premium due of $387.00

Recording Fees are as follows:
Pinal County - $14.00 per document for the first 5 pages and $1.00 for each additional page thereafter.

**PLEASE NOTE:  NO ESCROW SERVICES HAVE BEEN REQUESTED,  SEE LAST NUMBERED ITEM OF THE COMMITMENT FOR FURTHER INFORMATION.**

**PROPERTY ADDRESS PURPORTED TO BE:**

519 West Hill Street, Superior, AZ 85273

We thank you for this opportunity to serve you.

*FIRST AMERICAN TITLE INSURANCE COMPANY*
Emma L. Green - Ph: (602) 685-7393 - Fx: (602) 685-7495

flc/mcg

FEB-23-2006 THU 08:38 AM wells fargo financial        FAX NO. 4803541416            P. 08

## SCHEDULE A

Commitment No. 3486727
Loan No. /Avendano

Effective Date:        December 12, 2015 at 7:30 a.m.

1.  Policy or (Policies) to be issued:

    ALTA 1992 Standard Lender's for $100,000.00

    Proposed Insured:
    Wells Fargo Financial

2.  The estate or interest in the land described or referred to in this commitment and covered herein
    is A fee and title thereto is at the effective date hereof vested in:

    Daniel Avendano and Verlene Avendano, husband and wife, as community property with
    right of survivorship

3.  Title to the estate or interest in the land upon issuance of the Policy shall be vested in:

    Daniel Avendano and Verlene Avendano, husband and wife, as community property with
    right of survivorship

4.  The proposed mortgage and assignments thereof, if any, are described as follows:

    ### SEE EXHIBIT "1" ATTACHED HEREIN

5.  The land referred to in this Commitment is located in Pinal County, Arizona, and is described as:

    ### SEE EXHIBIT "A" ATTACHED HEREIN

    Said Property is also known by the street address of
    519 West Hill Street, Superior, AZ 85273

Page 1

## EXHIBIT "1"

Commitment No. 3486727

(a)      A Deed of Trust to secure an indebtedness of $100,000.00, recorded _____ as
_____ .

Dated:

Trustor:      Daniel Avendano and Verlene Avendano, husband and wife

Trustee:

Beneficiary:   Wells Fargo Financial

Page 2

**EXHIBIT "A"**

Commitment No. 3486727

All of Lot 6 and beginning 30 feet East of the Northwest corner of Lot 7, thence South 6 degrees 33 minutes East 124.75 feet to a point on the South line of said Lot 7, 24.22 East of the Southwest corner of said Lot 7, thence at a right angle along the South line of Lot 7, to the East line of Lot 6, thence Northwesterly along the East line of Lot 6, to the Northeast corner of Lot 6; thence Easterly along the North line of Lot 7, 30 feet to the point of beginning all in Block 19, of SOUTHSIDE ADDITION SUPERIOR, 1ST SOUTHSIDE ADDITION TO SUPERIOR, according to the plat of record in the office of the County Recorder of Pinal County, Arizona, recorded in Book 3 of Maps, Page 35.

**SCHEDULE B**

*Commitment No. 3486727*

PART TWO:

1.  Taxes for the full year of 2006. (The first half is due October 1, 2006 and is delinquent November 1, 2006. The second half is due March 1, 2007 and is delinquent May 1, 2007.)

2.  Covenants, conditions, restrictions, association lien rights, reservations and easements, if any, affecting title, which may appear in the public record, including those shown on any recorded plat or survey, but deleting any covenant, condition or restriction indicating a preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, to the extent such covenants, conditions or restrictions violate Title 42, Section 3604(c), of the United States Codes.

**"End of Schedule B"**

# FIRST AMERICAN TITLE INSURANCE COMPANY

Commitment No. 3486727

**REQUIREMENTS:**

A.    Compliance with A. R. S. 11-480 relative to all documents to be recorded in connection herewith. See note at end of this section for details.

1.    Pay second half of 2005 taxes.

**NOTE:** Taxes are assessed in the total amount of $392.96 for the year 2005 under Assessor Parcel No. 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 3.

Pinal County Treasurer
P. O. Box 729
Florence, AZ 85232
(520) 866-6412
www.co.pinal.az.us (web)

2.    Record full reconveyance of a Deed of Trust securing an original indebtedness in the amount of $60,000.00 recorded November 11, 2003 as 2003-081579, of Official Records.

| | |
|---|---|
| Dated: | November 1', 2003 |
| Trustor: | Daniel Avendano and Verlene Avendano, husband and wife |
| Trustee: | Fidelity National Title Insurance Co., an Arizona corporation |
| Beneficiary: | Mortgage Electronic Registration Systems, Inc., solely as nominee for Countrywide Home Loans, Inc., its successors and assigns |

**NOTE:** To inquire about above referenced instrument, please call Mortgage Electronic Systems, Inc. at 1-888-679-6377. Please reference MIN No. 1000157-0003163261-1.

Loan No.: Not Shown

3.    Record full reconveyance of a Deed of Trust securing an original indebtedness in the amount of $18,643.00 recorded July 23, 2004 as 2004-057310, of Official Records.

| | |
|---|---|
| Dated: | July 22, 2004 |
| Trustor: | Daniel M. Avendano and Verlene M. Avendano, husband and wife |
| Trustee: | Fidelity National Title Insurance Co., an Arizona corporation |
| Beneficiary: | Countrywide Home Loans, Inc. |

Loan No.: Not Shown

4.    Record Deed of Trust shown as Item 4, Schedule A.

**NOTE:** If FIRST AMERICAN TITLE is named as Trustee under the Deed of Trust, the correct name and address is:

FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation
P. O. Box 2922
Phoenix, AZ 85062-2922

Page 5

NOTE:  In connection with Arizona Revised Statutes 11-480, the County Recorder may not accept documents for recording that do not comply with the following:

(a)    Print must be ten-point type or larger

(b)    A margin of two inches at the top of the first page for recording and return address information and margins of one-half inch along other borders of every page.

(c)    Each instrument shall be no larger than 8-1/2 inches in width and 14 inches in length.

5.    FURNISH RECORDING INSTRUCTIONS, completed and executed, when forwarding your encumbrances for recording. (A blank form has been attached hereto for your convenience.)

This transaction was ordered as a TITLE ONLY transaction and provides for NO ESCROW SERVICES.  As a result the following services are NOT provided:

Any curative action regarding items either shown in Schedule B or made as a requirement herein will be the responsibility of the originating party.

First American Title will not request payoff statements or facilitate the satisfaction of any monetary obligation of the borrower in this transaction.

No funds will be deposited with First American Title for disbursement to third parties.

First American Title will not act as closing agent for loan documentation purposes.

First American Title will not prepare a HUD-1/Settlement Statement in association with this transaction.

NOTE:    In the event that any of the above requirements are not satisfied at the time of recording and we are not authorized by the recording instructions to record your encumbrance with these requirements as "to come" items, they will be inserted in Schedule B of the title insurance policy as Exceptions to the policy.

Please be aware that County Recording Fees are as follows:
Pinal County - $14.00 per document for first 5 pages and $1.00 for each additional page thereafter.

All documentation regarding the above referenced order, including the recording package, should be sent directly to First American Lenders Advantage at the following address:

> First American Lenders Advantage
> 4801 East Washington Street, Suite 150
> Phoenix, Arizona 85034
> Attn: Recording Desk
> (602) 685-7263 (Maricopa)
> (602) 685-7362 (all other counties)

NOTE: According to the public records, which under the recording laws impart constructive notice as to the title to the land described herein, the following matters constitute the chain of title for the 24 month period preceding the date hereof
OR
the last recorded instrument vesting title to the land described herein:

An instrument executed by Jerry E. Campos and Barbara J. Campos, husband and wife, as community property with right of survivorship, in favor of Daniel Avendano and Verlene Avendano, husband and wife, as community property with right of survivorship, recorded November 20, 2003 as 2003-081578, of Official Records.

DISCLOSURE NOTE: In the event any Affidavit required pursuant to A.R.S. 11-806.03 has been, or will be, recorded pertaining the land, such Affidavit is not reflected in this Commitment nor will it be shown in any policy to be issued in connection with this Commitment.

**"End of Requirements"**

FEB-23-2006 THU 08:39 AM wells fargo financial        FAX NO. 4803541416        P. 15

## First American Title
## Insurance Company

The First American
Corporation

# PRIVACY POLICY

**We Are Committed to Safeguarding Customer Information**

In order to better serve your needs now and in the future, we may ask you to provide us with certain information. We understand that you may be concerned about what we will do with such information - particularly any personal or financial information. We agree that you have a right to know how we will utilize the personal information you provide to us. Therefore, together with our parent company, The First American Corporation, we have adopted this Privacy Policy to govern the use and handling of your personal information.

**Applicability**

This Privacy Policy governs our use of the information which you provide to us. It does not govern the manner in which we may use information we have obtained from any other source, such as information obtained from public records or from another person or entity. First American has also adopted broader guidelines that govern our use of personal information regardless of its source. First American calls these guidelines its Fair Information Values, a copy of which can be found on our web site at www.firstam.com.

**Types of Information**

Depending upon which of our services you are utilizing, the types of nonpublic personal information that we may collect include:

$ Information we receive from you on applications, forms and in other communications to us, whether in writing, in person, by telephone or any other means;

$ Information about your transactions with us, our affiliated companies, or others; and

$ Information we receive from a consumer reporting agency.

**Use of Information**

We request information from you for our own legitimate business purposes and not for the benefit of any nonaffiliated party. Therefore, we will not release your information to nonaffiliated parties except: (1) as necessary for us to provide the product or service you have requested of us; or (2) as permitted by law. We may, however, store such information indefinitely, including the period after which any customer relationship has ceased. Such information may be used for any internal purpose, such as quality control efforts or customer analysis. We may also provide all of the types of nonpublic personal information listed above to one or more of our affiliated companies. Such affiliated companies include financial service providers, such as title insurers, property and casualty insurers, and trust and investment advisory companies, or companies involved in real estate services, such as appraisal companies, home warranty companies, and escrow companies. Furthermore, we may also provide all information we collect, as described above, to companies that perform marketing services on our behalf, on behalf of our affiliated companies, or to other financial institutions with whom we or our affiliated companies have joint marketing agreements.

**Former Customers**

Even if you are no longer our customer, our Privacy Policy will continue to apply.

**Confidentiality and Security**

We will use our best efforts to ensure that no unauthorized parties have access to any of your information. We restrict access to nonpublic personal information about you to those individuals and entities who need to know that information to provide products and services to you. We will use our best efforts to train and oversee our employees and agents to ensure that your information will be handled responsibly and in accordance with this Privacy Policy and First American's Fair Information Values. We currently maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

# 2001 The First American Corporation - All Rights Reserved

RECEIVED 2008/02/23 07:42::

FEB-23-2006 THU 08:39 AM wells fargo financial      FAX NO. 4803541416                 P. 16

## RECORDING INSTRUCTIONS
### DIRECT ORDERS

To:    FIRST AMERICAN LENDERS ADVANTAGE
       4801 East Washington Street
       Suite 150
       Phoenix, AZ 85034

Order No.: 3486727                        Loan No.: _____

Customer Name:      Daniel Avendano and Verlene Avendano, husband and wife, as community property with
                    right of survivorship.

☐  Please record at _____ |_____ on _____
                   (time)                        (date)
☐  Hold until we call

Please issue.
☐  Standard Lenders Policy or
☐  Extended Lenders Policy

☐  in the amount of $ _____|_____.

☐  Endorsements required: _____

•  You are requested to record the attached documents in _____ County and issue the above
   numbered Policy of Title Insurance subject only to the exceptions listed on Schedule B of your commitment under the
   above number and any supplements thereto EXCEPT: _____.

•  Requirement numbers _____ have been satisfied.  (Proof satisfactory to First
   American Title must be furnished at the time of or prior to the time of recording).

•  Requirement numbers _____ are "to come".

The undersigned lender agrees to secure any and all documentation necessary to completely satisfy all of the above "to come"
items.  It is understood and agreed that a policy of title insurance taking exception to any unsatisfied requirements will be
issued 90 days after the date of recordation.

Please call _____ to verify recording.

CUSTOMER: WELLS FARGO FINANCIAL
ADDRESS.     2853 S. SOSSAMAN RD. #A101
             MESA, AZ 85212
                                                MAIL FINAL POLICY TO:

PHONE NO.: _____                       _____

BY: _____                             _____

RECEIVED 2006/02/23 07:42::

MAR-09-2006 THU 10:50 AM wells fargo financial    FAX NO. 4803541416    P. 05/14

**FIRST AMERICAN TITLE INSURANCE COMPANY**
LENDERS ADVANTAGE
4801 East Washington Street, Suite 150
Phoenix, Arizona 85034
(602) 685-7200  Fax (877) 816-6108
(800) 546-4667 Ext. 7200

Date: March 2, 2006

WELLS FARGO FINANCIAL
ATTN: CANDICE CHAVEZ
2853 S. SOSSAMAN RD. #A101
MESA, AZ 85212

IN REPLY PLEASE REFER TO:
OUR NO.: 3486727 /
REFERENCE NO.: /Avendano

In connection with the above numbered order, we are enclosing the following:

Commitment for Title Insurance (1 Copy(s))
Recording Instructions

**PLEASE NOTE!!**
Current rates for commonly requested endorsements in all counties except Pima are $50.00 each when issued with the policy.
They are $75.00 if issued after the policy. For other endorsements, please call for current pricing.

ALTA No. 4 - Condominium
ALTA No. 5 – Planned Unit Development
ALTA No. 6, 6.1, and 6.2 – Variable Rate Mortgage
ATLA No. 8.1 – Environmental Lien
Revolving Loan Endorsement

The Premium shown below is based upon the Coverage Amount provided at the time this order was opened and is subject
to change based upon changes in the Loan Amount and/or Special Endorsement requests.

Coverage amount of $106,000.00 will have a premium due of $410.00

Recording Fees are as follows:
Pinal County - $14.00 per document for the first 5 pages and $1.00 for each additional page thereafter.

**PLEASE NOTE: NO ESCROW SERVICES HAVE BEEN REQUESTED. SEE LAST NUMBERED**
**ITEM OF THE COMMITMENT FOR FURTHER INFORMATION.**

PROPERTY ADDRESS PURPORTED TO BE:

519 West Hill Street, Superior, AZ 85273

We thank you for this opportunity to serve you.

*FIRST AMERICAN TITLE INSURANCE COMPANY*
Emma L. Green - Ph: (602) 685-7393 - Fx: (602) 685-7495

flc/meg

MAR-15-2006 WED 10:57 AM wells fargo financial          FAX NO. 4803541418          P. 04/28

# ADJUSTABLE RATE NOTE

NOTICE TO BORROWER: THIS NOTE CONTAINS A PROVISION
ALLOWING FOR CHANGES IN THE INTEREST RATE. INCREASES IN THE
INTEREST RATE WILL RESULT IN HIGHER PAYMENTS. DECREASES IN
THE INTEREST RATE WILL RESULT IN LOWER PAYMENTS. THIS NOTE
LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE
TIME AND THE MAXIMUM AND MINIMUM RATE I MUST PAY.

03/15/06                                        MESA, AZ 85212
[Date]                                          [City, State, Zip]

519 WEST HILL STREET
SUPERIOR, AZ 85273
[Property Address]

**1.      BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $105088.85 (this amount consists of the Amount Financed and any Points and is called "principal"), plus interest, to the order of the Lender. The Lender is Wells Fargo Financial Arizona, Inc. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.      INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 8.00%. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(A) of this Note. Interest will be calculated on an interest-bearing basis.

**3.      PAYMENTS**

**(A)      Scheduled Payments**

I will pay principal and interest by making payments when scheduled. I will make my scheduled payments each month beginning on 04/20/06.

**(B)      Maturity Date and Place of Payments**

I will make these payments as scheduled until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.

My scheduled payments will be applied to interest before principal. If, on 03/20/26, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my scheduled payments at 2853 S. SOSSAMAN RD A101 MESA, AZ 85212 or at a different place if required by the Note Holder.

**(C)      Amount of My Initial Scheduled Payments**

Each of my initial scheduled payments will be in the amount of U.S. $879.00. This amount may change.

**(D)      Scheduled Payment Changes**

Changes in my scheduled payments will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my scheduled payment in accordance with Section 4 of this Note.

**(E)      Late Charge**

If the Note Holder has not received the full amount of any monthly payment by the end of 7 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5% of the full amount of my payment of principal and interest due. I will pay this late charge promptly but only once on each late payment.

**4.      INTEREST RATE AND SCHEDULED PAYMENT CHANGES**

**(A)      Change Dates**

Each date on which my interest rate could change is called a "Change Date." The interest rate I will pay may change on 03/20/09 and on every sixth month anniversary date thereafter that is before the maturity date. There will be no Change Dates on or after the maturity date. The interest rate in effect on the maturity date will remain in effect after the maturity date until the full amount of principal has been paid.

Page 1 of 4

ORIGINAL
AZ-2040-1105

RECEIVED  2006/03/15  12:15:11



*Loan Number:* 56945

MIN: **100111800000569456**

# NOTE

December 23, 2005

**LAS VEGAS, NEVADA**
**2200 S. FORT APACHE #2239**
**LAS VEGAS, NEVADA 89117**
(Property Address)

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S.    $151,120.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **RED ROCK COMMUNITY BANK, A NEVADA CORPORATION.**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.375%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **February 1, 2006**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **January 1, 2036**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at

**RED ROCK COMMUNITY BANK**
**10000 WEST CHARLESTON, STE 100**
**LAS VEGAS, NEVADA 89135**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$942.79.**

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of  **FIFTEEN** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    **5.000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

 

*Loan Number:* **56945**

MIN: **10011180000000569456**

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS ·**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED·NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
**KERRY A. GILBERT** -Borrower
Social Security Number: **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**

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 _____ (Seal)
-Borrower
Social Security Number: -

*(Sign Original Only)*

PAY TO THE ORDER OF
AMERA MORTGAGE CORPORATION
WITHOUT RECOURSE
RED ROCK COMMUNITY BANK
A NEVADA CORPORATION

BY: _____
Susan Good
V.P./Capital Markets

**PAY TO THE ORDER OF**

**WASHINGTON MUTUAL BANK, FA**

WITHOUT RECOURSE
AMERA MORTGAGE CORPORATION,
A MICHIGAN CORPORATION

BY: _____
TINA H. PICCIRILLI, ASST. VP.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re *Murphy, Teresa*                     Case No.
                                           Chapter  7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION

**Part A -**  Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach
additional pages if necessary.)

Property No. *1*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Citimortgage* | *1345 Fox Acres Drive* |

Property will be (check one) :

☐ Surrendered      ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☒ Claimed as exempt      ☐ Not claimed as exempt

**Part B -**  Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach
additional pages if necessary.)

Property No.

| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365 (p)(2): |
|---|---|---|
| *None* | | ☐ Yes      ☐ No |

**EXHIBIT *A***

In re **Murphy, Teresa**                   Case No._____
              Debtor(s)                                          (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 1345 Fox Acres Drive<br>Las Vegas, NV 89134 | Homestead | | $ 275,000.00 | $ 274,000.00 |
| 2200 S. Fort Apache #2238<br>LV, NV 89117<br>(50% interest w/daughter) | Joint Tenancy | | $ 65,000.00 | $ 140,000.00 |
| 8612 Estrelista Drive<br>LV, NV 89128 | Fee Simple | | $ 350,000.00 | $ 598,056.00 |

No continuation sheets attached                 **TOTAL $**
                                   (Report also on Summary of Schedules.)      690,000.00

**EXHIBIT** *B*